UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN ANTHONY BAILEY, ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1264-JDT-jay |
| VS. ) | Crim. No. 04-10007-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, John Anthony Bailey. For the reasons stated below, the Court DENIES the § 2255 motion.

On June 16, 2004, Bailey was convicted by a jury of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). (No. 04-10007, Crim. ECF Nos. 27 & 32.)[1] At the sentencing hearing on December 30, 2004, the Court determined, based on his criminal history, that Bailey qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was

---

[1] The jury was unable to reach a verdict on counts two and three of the indictment, and a mistrial was declared. (*Id.*, Crim. ECF Nos. 32 & 33.) The Court subsequently granted the Government's motion to dismiss those counts. (*Id.*, Crim. ECF No. 43.)

sentenced to a 262-month term of imprisonment and a three-year period of supervised release. (No. 04-10007, Crim. ECF Nos. 65 & 68.) The Sixth Circuit affirmed the conviction but vacated and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Bailey*, No. 05-5121 (6th Cir. Sept. 13, 2006).

At the resentencing hearing, the Court sentenced Bailey to a 204-month term of imprisonment, again followed by a three-year period of supervised release. (No. 04-10007, Crim. ECF No. 104; *id.* Resent'g Tr., Crim. ECF No. 109.) The Sixth Circuit affirmed. *United States v. Bailey*, 264 F. App'x 480 (6th Cir.), *cert. denied*, 554 U.S. 909 (2008). Bailey then filed a timely motion pursuant to 28 U.S.C. § 2255, which was denied as to all issues. *Bailey v. United States*, No. 09-1140-JDT-egb (W.D. Tenn. Sept. 13, 2012). The Sixth Circuit denied a certificate of appealability. *Bailey v. United States*, No. 13-6623 (6th Cir. Aug. 8, 2014).

Following the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Bailey sought and was granted leave by the Sixth Circuit to file this successive § 2255 motion challenging his ACCA-enhanced sentence. (ECF Nos. 1 & 2.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process.

3

135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At Bailey's resentencing hearing, the Court determined he qualified for an ACCA-enhanced sentenced based on four prior felony convictions. The first, a Tennessee conviction for reckless endangerment, was counted only under the residual clause of the ACCA. (No. 04-10007, Resent'g Tr., Crim. ECF No. 109 at PageID 159-60.)[2] After *Johnson*, that conviction no longer qualifies as an ACCA predicate. However, the Court also found that Bailey had three prior Tennessee convictions for serious drug offenses.

Bailey argues that he has, at most, two prior drug convictions under the ACCA because at least two and possibly all three of the offenses were so closely related in nature and in time that they cannot be considered offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Bailey's trial counsel argued this issue at resentencing, and it was rejected by the Court.

The Presentence Investigation Report (PSR) prepared by the Probation Office shows that in Madison County case number 96-73, Bailey entered a guilty plea to the charge of having sold more than .5 gram of cocaine on November 24, 1995. (PSR ¶ 29.) In case number 96-72, Bailey also pleaded guilty to having sold more than .5 gram of

---

[2] In discussing the definition of "crime of violence," the Court mistakenly referred to the application notes to U.S.S.G. § 4B1.2, the Career Offender guideline, instead of the statutory definition in the ACCA. (*Id.* at PageID 159.) However, at the time of Bailey's resentencing, the residual clause in § 4B1.2 was almost identical to that in the ACCA.

cocaine on November 28, 1995. (*Id.* ¶ 28.) In the third Madison County drug case, number 96-168, Bailey was charged, *inter alia*, with possession of over .5 gram of cocaine on November 28 1995, with intent to sell. He pled guilty in that case as well. (*Id.* ¶ 27.)

According to Bailey's testimony at the resentencing hearing, the cocaine sales he made on November 24 and November 28, 1995, were to an individual who, it turned out, was working with law enforcement as a confidential informant. (No. 04-10007, Resent'g Tr., Crim. ECF No. 109 at PageID 143-44.) Based on the two sales to the informant, officers obtained a search warrant for Bailey's motel room. (*Id.* at PageID 144.) When the search warrant was executed around midnight on November 28th, (*id.*), the officers found 12.1 grams of crack cocaine in Bailey's room. (PSR ¶ 27.) Bailey testified the search warrant was executed "a couple of hours" after the second cocaine sale to the confidential informant. (Resent'g Tr., Crim. ECF No. 109 at PageID 144.) He further testified the cocaine he sold to the informant on November 24th and November 28th was from the same "batch" found in his motel room. (*Id.* at PageID 145.)

Bailey contends, based on this evidence, that all three prior drug offenses, and in particular the two that occurred on November 28th, were part of the same occurrence and should not be considered separate offenses "committed on occasions different from one another." As stated above, the Court has already considered and rejected that argument:

> Now, Mr. Weinman's argument is compelling at first blush, the argument that the defendant had a stash; he takes some drugs out of that stash and sells it; is indicted for the sale; and then some few hours later there's a search of his residence, and the stash from which the sale took place is discovered and he is charged with a separate offense.

5

> The argument would be much more compelling, it seems to me, if Mr. Bailey had had his stash in his left pocket and sold a small portion of it out of that stash and then was arrested and was then charged with both sale of – or delivery of a controlled substance and possession of a controlled substance with intent to deliver. Under that scenario, it seems to me that the argument might even be compelling enough to prevail.
>
> But in Mr. Bailey's case we have a different situation. We have a sale of drugs to an undercover agent on November 24th. We have another sale of controlled substances on November 28th. It seems to me that that clearly is two separate, distinct offenses . . . .
>
> But then we go to that third conviction, which involved, as Mr. Bailey described it, his – somebody described it as the stash at home from which those two sales were made. The question then is, is that a separate and distinct offense? It seems to me in this case that it is. Otherwise, as Mr. Powell pointed out, a drug dealer could buy in a large quantity, sell a little of it each day or each month, and we still only have one offense.
>
> It seems clear that the possession of a large quantity of controlled substances with intent to deliver is a separate and distinct offense from the delivery of a portion of that at another date and time.

(*Id.* at PageID 160-62.)

Bailey has cited no authority that requires altering the previous ruling. For purposes of the ACCA, the Court again concludes Bailey's three prior convictions for the sale of cocaine on November 24th, the sale of cocaine on November 28th, and the possession of cocaine with intent to sell on November 28th were "committed on occasions different from one another."

Having considered Bailey's § 2255 motion and the entire record in this case, the Court finds he is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED. The motions to appoint counsel and for transcripts are DENIED as moot.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Bailey would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Bailey chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file

a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE